UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARION TRAMMEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S GARZA, et. al.<br><br>　　　　　Defendants. | No. 1:20-cv-0001344-HBK<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br><br>Doc. No. 11 |

　　　　Pending before the Court is plaintiff's motion for leave to appoint counsel filed January 12, 2021. Doc. No. 11. Plaintiff is proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. Doc. No. 1. Due to his indigency, the Court granted plaintiff's motion for leave to proceed *in forma pauperis*. Doc. No.5. In his motion, plaintiff seeks appoint of counsel because he is unable to afford counsel, his imprisonment will limit his ability to litigate the case, and a trial will result in conflicting testimony, a trial will likely occur in this case. Doc. No. 11 at 1-2.

　　　　The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people

unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The Court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, the Court does not find exceptional circumstances warrant appointment of counsel for Plaintiff.  Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.  A review of the pleadings filed by plaintiff further show he can articulate his claims.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 11) is **DENIED**.

IT IS SO ORDERED.

Dated:     March 4, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2